IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Richard Campodonico, | ) | Case No. 2:17-cv-03034-DCC-MGB |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| South Carolina Department of Corrections, Warden Willie Eagleton, Officer Bennett, Officer Parnell, and Officer Wyndell, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment/Motion to Stay Discovery. ECF No. 22. Plaintiff filed a Response in Opposition, and Defendants filed a Reply. ECF Nos. 25, 29. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On December 27, 2018, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted and an Order denying the Motion to Stay the Discovery Deadline. ECF Nos. 35, 36. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendants filed objections to the Report. ECF No. 42.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends denying the Motion for Summary Judgment.[1] She determined that administrative remedies were not available to Plaintiff. Accordingly, she found that Plaintiff's claims should be deemed exhausted and recommended that summary judgment be denied.

Defendants filed lengthy objections to the Report which can be summarized as asserting the following: that the Magistrate Judge misapplies the standard of review for a motion for summary judgment, that she incorrectly shifts the burden to Defendants with

---

[1] The Motion was raised as a Motion to Dismiss or Motion for Summary Judgment; the Magistrate Judge determined that Plaintiff's failure to exhaust was not apparent from the face of his Complaint and, therefore, the Motion was more appropriately addressed under the summary judgment standard of Rule 56.

respect to various prison policies, that she fails to recognize the basic tenets of the grievance process, that she improperly relies on Plaintiff's vague and self-serving statements which are insufficient to create a genuine issue of material fact, and that the Report denies Defendants an opportunity to address Plaintiff's claims at the administrative level.

The Court has conducted a de novo review of the record, the applicable law, and the Report of the Magistrate Judge.  Having done so, the Court agrees with the recommendation of the Magistrate Judge and incorporates the Report of the Magistrate Judge into this Order.  The Court finds that Plaintiff's administrative remedies should be deemed exhausted and, at this procedural posture, genuine issues of material fact exist so as to preclude summary judgment.

The Magistrate Judge also determined that an evidentiary hearing was unnecessary to determine whether Plaintiff has exhausted his administrative remedies. Defendant objects and reiterates that the Court should conduct an evidentiary hearing prior to deciding this Motion.  Based upon the facts evidence from the filings in this matter, the Court agrees with the recommendation of the Magistrate Judge that an evidentiary hearing is unnecessary to decide the present Motion.

As previously stated, the Magistrate Judge denied Defendants' Motion to Stay Discovery Deadlines and instead granted an extension of the remaining deadlines.  In the last sentence of their objections, Defendants reiterate that all discovery on the merits of Plaintiff's claims should be stayed pending resolution of the issues of exhaustion.  To the extent Defendants intend this to be an objection to the Magistrate Judge's Order, such an

objection is not procedurally proper.  However, the Court finds that a further extension of deadlines is appropriate in this case.  Accordingly, discovery is due 60 days from the date of this order and dispositive motions are due 90 days from the date of this order.   An order on additional mediation will be forthcoming.

## **CONCLUSION**

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Defendants' Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 23, 2019
Spartanburg, South Carolina