UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Campodonico, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>South Carolina Department of Corrections, )<br>Warden Willie Eagleton, Officer Bennett, )<br>Officer Parnell, and Officer Wydell, )<br>)<br>Defendants. ) | Case No.: 2:17-cv-3034-SAL<br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the September 17, 2019 Report and Recommendation of United States Magistrate Judge Mary Gordon Baker (the "Report"), ECF No. 65, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment, ECF No. 55, be granted in part and denied in part. *See* ECF No. 65 at 48. Defendants filed an objection to the Report, ECF No. 70, on October 1, 2019, wherein they assert that the Magistrate Judge erred in failing to recommend summary judgment in favor of Warden Eagleton and Officer Bennett on claims asserted against them. Plaintiff replied, *see* ECF No. 72, on October 15, 2019, agreeing with the Report in its entirety. For the following reasons, the Court overrules Defendants objections and adopts the recommendations in the Report.

**I.      Background**

This action arises out of six alleged attacks on Plaintiff Richard Campodonico that occurred between December 24, 2016, and August 28, 2017, while he was an inmate at Evans Correctional Institution. He alleges that five attacks during this period occurred at the hands of other inmates, while one was carried out by Defendant Officer Wydell. Plaintiff states fourteen

1

causes of action arising out of the foregoing incidents. Plaintiff states claims arising under 42 U.S.C. § 1983 and the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq* in connection with each attack, as well as a § 1983 claim for Warden Eagleton's failure to implement appropriate policies. Plaintiff also states one cause of action against Officer Wydell for assault and battery and prays for injunctive relief. *See* ECF No. 1-1.

In the Complaint, Plaintiff alleges that Evans Correctional Institution has a "long history of violence among inmates," and "many times the violence is encouraged and/or condoned by the Defendants." ECF No. 1-1 at 6. Plaintiff claims that within Evans Correctional Institution, "gangs are basically allowed to run free and commit whatever crimes they want" and that "there is a complete failure by the Defendant South Carolina Department of Corrections, Defendant Warden Eagleton, and the named Defendant Correctional Officers to keep weapons out of the hands of inmates." ECF No. 1-1 at 7. Plaintiff claims that Warden Eagleton was at all relevant times responsible for, among other things, management, training, discipline, as well as monitoring and enforcing policies and procedures within Evans Correctional Institution. *Id.* at 6. Plaintiff states five § 1983 claims against Warden Eagleton in connection with five of the six alleged incidents and one § 1983 claim for Warden Eagleton's failure to implement appropriate policies, customs, and practices. ECF No. 1-1 at 14-24.

Plaintiff also asserts that Officer Bennett abridged his constitutional rights during the first alleged attack on December 24, 2016. ECF No. 1-1 at 14-16. According to Plaintiff, Officer Bennett and Officer Parnell left the doors that separated housing wings unlocked in violation of policy, enabling two inmates from another wing to enter Plaintiff's cell, rob him, and stab him in the neck and back with an ice pick. *See id.* at 8-9. Plaintiff asserts that he remained in his cell for the rest of the day and night until another officer checked on Plaintiff the following day. *Id.* at 8.

Plaintiff names Officer Bennett in his Second Cause of Action, stating a claim under § 1983 and claims that Officer Bennett acted in a "grossly negligent, reckless, willful, wanton" manner and with "a deliberate indifference" to Plaintiff's constitutional rights. ECF No. 1-1 at 15.

After a thorough analysis, the Report concluded that Plaintiff's § 1983 claims against Warden Eagleton should proceed, except to the extent Plaintiff seeks to impose liability based on Warden Eagleton's personal wrongdoing–as opposed to his supervisory actions–in connection with the first attack. *See* ECF No. 65 at 48. Warden Eagleton could not have had the requisite level of knowledge, the Magistrate Judge concluded, of any specific threat to Plaintiff prior to the first attack sufficient to find such liability. *Id.* at 42. Regarding supervisory liability, however, the record contains eight inmates' affidavits indicating Warden Eagleton's actual or constructive knowledge of prior incidents involving attacks with contraband weapons, facilitated by unlocked doors, and/or during which correctional officers failed to intervene. *See* ECF No. 65 at 28-31. The Report accordingly recommends denying summary judgment on all § 1983 claims asserted against Warden Eagleton based on his supervisory actions, because the evidence creates a genuine issue of material fact as to whether his actions as a supervisor fell below the constitutional standard. *See* ECF No. 65 at 46-47.

In addition, the Magistrate Judge recommends denying Defendants' motion for summary judgment with respect to Plaintiff's § 1983 claim against Officer Bennett arising out of the first attack, in part because "Defendants offer no testimony from Defendants Parnell or Bennett or any other evidence to refute the allegations against them." ECF No. 65 at 17.

Defendants argue that the Report errs in the following respects: (1) it accepts as true conclusory allegations of Warden Eagleton's actual control and found a genuine issue of Warden Eagleton's supervisory liability as a result of his status as warden of Evans Correctional

3

Institution; (2) it abused its discretion by "dividing Campodonico's claims into two categories pertaining either to [Warden Eagleton's] personal wrongdoing or his supervisory action" and "erroneously imputes claims to Campodonico that he has not made"; and (3) it relied on an unsworn grievance in finding a question of fact regarding Officer Bennett's liability. *See* ECF No. 70. For the following reasons, the Court overrules these objections and, finding no clear error in the remainder of the Report, adopts the Report in its entirety.

## II.     Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

### A.    A Reasonable Jury Could Infer that Warden Eagleton Possessed Supervisory Control within Evans Correctional Institution.

Warden Eagleton submits that the Magistrate Judge improperly assumed that–because of his mere *status* as the warden of Evans Correctional Institution–Warden Eagleton could be subject to § 1983 liability based on his supervisory actions. Warden Eagleton contends that no evidence in the record supports a finding that he is charged with the management, hiring,

4

training, promotion, discipline, evaluation, or firing of personnel at Evans Correctional Institution. ECF No. 70 at 1-3.

To the contrary, Warden Eagleton testified that "[b]asically the warden is responsible for the overall management of the facility. That includes everything." Eagleton Dep., ECF No. 55-2 at 19:23-25. He testified that at Evans Correctional Institution, "the buck stop[ped]" with him. *Id.* at 20:1-2. Despite counsel's representation that Warden Eagleton was not charged with the level of responsibility sufficient for supervisory liability to attach under § 1983, the testimony in the record is sufficient to create a genuine factual issue on this question.

**B.      The Complaint Adequately States Claims Against Warden Eagleton Based on his Personal and Supervisory Actions.**

Warden Eagleton next argues that the Report erroneously "divid[ed] Campodonico's claims against Warden Eagleton into two categories pertaining either to his personal wrongdoing or his supervisory action," ECF No. 70 at 3, and "imputes claims to Campodonico that he has not made." *Id.* Eagleton therefore argues that "Campodonico failed to state a cognizable claim" in the first instance. *Id.* at 4.

The Complaint does, however, generally allege that Warden Eagleton, among others, "fail[ed] to take any action to . . . prevent the violence" that befell plaintiff, ECF No. 1-1 at 7, and, with respect to each incident, that Warden Eagleton "fail[ed] to provide protection and security for the Plaintiff." *E.g.*, *id.* at 15. The Complaint further claims numerous supervisory failings related to inadequate training, discipline, and contraband control in connection with each claim asserted against Warden Eagleton.

In addition, while the Report notes that Plaintiff does not allege which of Warden Eagleton's "*specific* actions or inactions . . . amounted to constitutional violations," ECF No. 65 at 41 (emphasis added), pleading with specificity is not required of a complaint stating a cause of

5

action under § 1983. *See* Fed. R. Civ. P. 9(b); *see also Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) ("[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983."). After thoroughly reviewing the Complaint, the Court concludes that Plaintiff adequately pleaded facts which, if true, state cognizable § 1983 claims against Warden Eagleton both for his personal and supervisory actions.

### C.   Officer Bennett Failed to Carry his Burden on Plaintiff's Second Cause of Action.

Officer Bennett contends that the Report errs in relying on a grievance form to find a genuine issue of material fact regarding his liability for the December 24, 2016 incident. ECF No. 70 at 4. The Court finds that Officer Bennett failed to carry his threshold burden on this issue in the first instance, *see* ECF No. 55-1 at 10-11, and cannot attempt to do so now.

Plaintiff alleges that on December 24, 2016, Officers Bennett and Parnell left the doors separating housing wings unlocked in violation of policy, enabling two inmates from another wing to enter Plaintiff's cell, rob him, and stab him in the neck and back with an ice pick. *See* ECF No. 1-1 at 8-9. Plaintiff subsequently filed a grievance form stating that Officer Bennett allowed inmates to stab him over 20 times and then allowed those inmates to leave. *See* ECF No. 29-4 at 7. Officer Bennett now asserts that the Report erred by relying on the grievance form–as opposed to a verified complaint or an affidavit–in concluding that a genuine issue exists regarding Officer Bennett's liability. ECF No. 70 at 4. Defendants' motion for summary judgment, however, argued only that Officer Bennett was entitled to summary judgment because "officers have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm." ECF No. 55-1 at

11. As the Magistrate Judge noted, Defendants did not offer any evidence to rebut the facts alleged against Officer Bennett. ECF No. 65 at 17.

Officer Bennett's present objection therefore misconstrues the shifting burdens on a motion for summary judgment. It is incumbent on the movant, as a threshold matter, to shoulder the burden of demonstrating to the court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden is carried, the nonmovant may not rest on the allegations in the pleadings, but must demonstrate that a genuine issue exists. *Id.* at 324. When asserting that a fact is or is not genuinely disputed, a party must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Here, Defendants introduced with their motion for summary judgment only the deposition testimony of Warden Eagleton, which does not address Officer Bennett's involvement in the December 24, 2016 incident. Officer Bennett accordingly failed to carry his burden regarding Plaintiff's claims arising out of the December 24, 2016 incident as a threshold matter and cannot now seek to carry it at the objection stage. "A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Keitt v. Ormond*, 2008 WL 4964770, at *1 (S.D.W. Va. Nov. 13, 2008) (quoting *Jesselson v. Outlet Associates of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991)).

IV.  **Conclusion**

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard, the Court hereby adopts the Report and Recommendation, ECF No. 65, in its entirety. The Court agrees with the Report after conducting

a de novo review of those portions to which Defendants objected and finds no clear error in the remainder of the Report's recommendations.

Accordingly, Defendant's Motion for Summary Judgment, ECF No. 55, is hereby GRANTED with respect to the following claims:

1. The federal claims asserted against the South Carolina Department of Corrections in the first and fourth causes of action;

2. The § 1983 claim for deliberate indifference asserted against Warden Eagleton in the second cause of action based on his personal, as opposed to supervisory, wrongdoing;

3. Claims asserted against Defendant Parnell in the second cause of action; and

4. All claims asserted against individual Defendants in their official capacities;

5. All claims asserted against individual Defendants under state law

6. Any § 1983 claim asserted against the South Carolina Department of Corrections for monetary damages.

Defendant's motion is DENIED as to all remaining claims as set forth more fully in the Report. *See* ECF No. 65 at 48.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

April 30, 2020
Florence, South Carolina